IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| SUN COUNTRY AIRLINES, INC., ) | |
| ) | BKY Case No. 02-40303 |
| Debtor. ) | |
| ) | |

**OBJECTION OF AIR LINE PILOTS ASSOCIATION, INTERNATIONAL
TO MOTION OF U.S. BANK NATIONAL ASSOCIATION FOR RELIEF FROM THE
AUTOMATIC STAY**

The Air Line Pilots Association, International ("**ALPA**") objects and responds as follows to the motion of U.S. Bank National Association ("**U.S. Bank**") for relief from the automatic stay to exercise its state law remedies in regard to certain collateral held by the debtor Sun Country Airlines, Inc. ("**Sun Country**") (the "**Motion**"):

1. ALPA is the collective bargaining representative of approximately 285 pilots employed by Sun Country pursuant to a collective bargaining agreement in effect between Sun Country and ALPA governed by the Railway Labor Act, 45 U.S.C. § 151 et seq., and is one of the largest creditors in this case.[1] Approximately 40 pilots were furloughed on October 31, 2001, and an additional furlough of 15-20 on November 30, 2001 and all the remaining pilots were furloughed on approximately December 7 and 8, 2001. Approximately 45 pilots have been recalled since that time by Sun Country.[2]

---

[1] ALPA is authorized to enforce the terms of the agreements on its own behalf and on behalf of the individual employees of the debtor covered therein. Thus, as the courts have established, ALPA is a creditor. *See, e.g., In re Altair Airlines*, 727 F.2d 88 (3d Cir. 1984); *In re Enduro Stainless, Inc.*, 59 B.R. 603 (Bankr. N.D. Ohio 1984); *In re Northeast Dairy Cooperative Federation, Inc.,* 59 B.R. 531, 534 (Bankr. N.D.N.Y. 1986). ALPA currently estimates that it holds accrued vacation pay claims of $ 1,104,000 and notice pay claims of at least $ 743,000, as well as other claims. Notice pay claims are claims equivalent to two weeks pay which arise under the collective bargaining agreement as a result of Sun Country's failure to provide 30 days notice of the furlough to the pilots.

[2] U.S. Bank suggests that as a result of the proposed transaction with MN Airlines "some of the 900 people laid off by the Debtor may again have employment. . ." U.S. Bank Memorandum, p. 5. On information and belief MN Airlines LLC, the proposed purchaser, has yet to make any binding commitment to hire employees of the Sun Country.

2.	An involuntary Chapter 7 petition was filed against Sun Country on January 8, 2002. The venue of the case was thereafter transferred to this Court pursuant to a stipulation that extended Sun Country's time to respond to the petition. Sun Country is continuing to conduct charter flights (and limited scheduled flights, with tickets only available through certain agencies) as an operating air carrier.

3.	ALPA objects to the instant Motion on several grounds. First, the Motion is procedurally defective for the following reasons: (a) U.S. Bank has not provided the minimum 10-day notice required by Local Rule 9006-1; (b) the Motion is not verified or accompanied by an Affidavit as required by Local Rule 9013-2(a); (c) on information and belief the Motion was not served upon all parties required to receive Notice under Local Rule 9013-3[3]; and (d) the witnesses who may testify at the hearing have not been identified as required by Local Rule 9013-2(c).

4.	Second, the Motion is premature. This case is still in an extended "gap" period. There has not yet been an order for relief entered. There are no schedules filed. There isn't even a schedule or list of the property which is the subject of U.S. Bank's Motion. There has not been an investigation by a neutral entity with fiduciary obligations - either a creditors' committee, examiner, or trustee - of the various allegations made by U.S. Bank in the instant motion, including those concerning the validity of various liens, the value of collateral, and the chances of a Chapter 11 reorganization. The Debtor and U.S. Bank appear to be attempting to ramrod a sale of all of the Debtor's assets before any of the substantive and procedural safeguards mandated by the Bankruptcy Code are in place. The substantive rights of all parties in interest, except perhaps the parochial

---

[3]The service list attached to the motion list four names, one of which is counsel to the debtor and one of which is the U.S. Trustee. ALPA filed a notice of appearance and was not served, and on information and belief other entities have filed notices of appearance and are not on the service list.

2

interests of the Debtor's management and U.S. Bank, will be trampled upon if U.S. Bank's motion is granted. The fiduciary obligations the Debtor owes to all the parties in interest are apparently being breached in the extreme in this matter.

5. The third basis for ALPA's objection is that U.S. Bank has not met its burden of proof in establishing entitlement to relief from stay under 11 U.S.C. § 362(d). There is no merit to U.S. Bank's argument that its desire, along with Sun Country's, to sell the property constitutes "cause" of the type envision by 11 U.S.C. § 362(d)(1). Further, there is no allegation much less proof that the assets allegedly subject to U.S. Bank's security interest are depreciating or that U.S. Bank's collateral is not "adequately protected."

6. Finally, U.S. Bank's Motion contains no evidence of value or even allegations as to the value of the collateral allegedly subject to its security interest. U.S. Bank must do better, to meet its burden of proof under 11 U.S.C. § 362(d)(2) that there is no equity in the property, than to make the statement that "U.S. Bank estimates that the value of the Collateral is significantly less than the outstanding balance owed to U.S. Bank under the Credit Agreement," which statement is not even verified.

7. In these circumstances, and at this time,[4] it is inappropriate and unwarranted to find cause, lack of equity and that the property is not necessary to an effective organization, based on the allegations of the U.S. Bank and Sun Country.[5] The Motion is clearly premature and should be denied at this time.

---

[4] ALPA will continue to monitor relevant developments.
[5] On information and belief, some members of Sun Country's top management may become part of the top management of MN. It is not clear how they could fulfill their fiduciary obligations to the creditors of this insolvent company while becoming part of the purchaser as well, or how the court and the parties can rely on the representations of Sun Country in these circumstances.

3

**WHEREFORE**, the Motion should be denied or adjourned until a trustee, examiner, or creditors committee has been appointed and has had an adequate opportunity to investigate the instant Motion.

Dated: March 5, 2002

        **COHEN, WEISS AND SIMON LLP**
        Richard M. Seltzer
        330 West 42nd Street
        New York, New York 10036
        (212) 563-4100

        **LEONARD, O'BRIEN**
        **WILFORD, SPENCER & GALE, LTD.**

            /s/
      By _____
        Brian F. Leonard, #62236
        Matthew R. Burton, #210018
        100 South Fifth Street
        Suite 1200
        Minneapolis, MN 55402
        (612) 332-1030

        **COUNSEL FOR ALPA**

::ODMA\GRPWISE\GWDMPLS.GWPOMPLS.MPLSLIB1:89016.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| SUN COUNTRY AIRLINES, INC., ) | |
| ) | BKY Case No. 02-40303 |
| Debtor. ) | |
| ) | |

## UNSWORN CERTIFICATE OF SERVICE

I, Wendy S. Latuff, declare under penalty of perjury that on the 5th day of March, 2002, I transmitted a copy of the *Objection of Air Line Pilots Association, International to Motion of U.S. Bank National Association For Relief From the Automatic Stay* on:

(SEE ATTACHED DISTRIBUTION LIST)

by facsimile to all parties on the attached Distribution List, directed to said parties at the facsimile numbers listed on the attached Distribution List, the last known facsimile numbers of said parties.

Dated: March 5, 2002

*[signature]*
Wendy S. Latuff
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402
(612) 332-1030

::ODMA\GRPWISE\GWDMPLS.GWPOMPLS.MPLSLIB1:89021.1

# DISTRIBUTION LIST

Sun Country Airlines, Inc.
Attn: David A. Banmiller
President & CEO
2520 Pilot Knob Road, Suite 250
Mendota Heights, MN 55120
Phone: 651-681-3900
Fax: 651-681-3970

Pegasus Aviation Asset Securitization, Trust 1997-A
Attn: James P. Lawler
Vice President
c/o Pegasus Aviation, Inc.
4 Embarcadero Ctr. - 35th Floor
San Francisco, CA 94111
Phone: 415-434-3900
Fax: 415-434-3917

Ashby & Geddes
Attn: William P. Bowden, Esq. and Ricardo Palacio, Esq.
Attorneys for Sun Country Petitioning Creditors
222 Delaware Ave., 17th Floor
Wilmington, DE 19899
Phone: 302-654-1888
Fax: 302-654-2067

Office of U.S. Trustee
1015 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415
Phone: 612-664-5500
Fax: 612-664-5516

Discover Financial Services, Inc.
Attn: Beth J. Solomon, Esq.
2500 Lake Cook Road
Riverwoods, IL 60015
Phone: 847-405-3441
Fax: 847-405-4191

International Lease Finance Corporation
Attn: William A. Hazeltine, Esq.
Potter Anderson & Corroon, LLP
1313 N. Market Street, 6th Floor
P.O. Box 951
Wilmington, DE 19899
Phone: 302-984-6000
Fax: 302-658-1192

Pratt & Whitney Air New Zealand Services
Attn: William H. Erickson, Esq.
Day, Berry & Howard, LLP
CityPlace I, 185 Asylum Street
Hartford, CT 06103-3499
Phone: 860-275-0100
Fax: 860-275-0343

Pegasus Aviation, Inc.
Attn: Carol L. Chase
E.V.P. and General Counsel
4 Embarcadero Ctr.- 35th Floor
San Francisco, CA 94111
Phone: 415-434-3900
Fax: 415-434-3917

Riverhorse Aviation Group, Inc. - Jeff Kirshner
Attn: c/o William Bowden
1901 Main Street - 3rd Floor
Santa Monica, CA 90405
Phone: 302-654-1888
Fax: 302-654-2067

Oppenheimer, Wolff & Donnelly, LLP
Attn: Steven W. Meyer, Esq.
Attorneys for Sun Country Petitioning Creditors
3300 Plaza VII
45 South Seventh Street
Minneapolis, MN 55402
Phone: 612-607-7000
Fax: 612-607-7100

1

Doc# 1524994\1

Discover Financial Services, Inc.
Attn: Brian Sirower, Esq. and Lori L Winkelman, Esq.
Quarles & Brady Streich Lang LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
Phone: 602-229-5200
Fax: 602-229-5690

Sabre Inc.
Attn: Stephen C. Stapleton, Esq. and J. Christopher Luna, Esq.
Cowles & Thompson, P.C.
901 Main Street, Suite 4000
Dallas, TX 75202-3793
Phone: 214-672-2000
Fax: 214-672-2020

Slattery Ground Services, Inc.
Attn: Richard R. Beresford, Esq.
Beresford, Booth, Demaray & Tingstad, PLLC
145 Third Avenue South, Suite 200
Edmonds, WA 98202
Phone: 206-682-4000
Fax: 425-776-1700

Ford Motor Credit Company
Attn: Linda Jeanne Jungers, Esq.
Stewart, Zlimen & Jungers, Ltd.
430 Oak Grove Street #200
Minneapolis, MN 55403
Phone: 612-870-4100
Fax: 612-870-8758

U.S. Bank National Association
Attn: John C. Thomas, Esq.
Dorsey & Whitney, LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Phone: 612-340-2600
Fax: 612-340-2868

Kansas City Aviation Department
Attn: Lisa A. Epps, Esq. and Scott J. Goldstein, Esq.
Spencer Fane Britt & Browne, LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64105
Phone: 816-474-8100
Fax: 816-474-3216

U.S. Bank National Association
Attn: Diane Malfeld, Esq.
Dorsey & Whitney, LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Phone: 612-340-2600
Fax: 612-340-2868

Engine Lease Finance Corporation, Inc.
Attn: Clark T. Whitmore, Esq.
Maslon Edelman Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: 612-672-8200
Fax: 612-672-8397

Gordon B. Conn, Jr., Esq.
Kalina, Wills, Gisvold & Clark, P.L.L.P.
6160 Summit Drive, Suite 560
Minneapolis, MN 55430
Phone: 612-789-9000
Fax: 763-503-7070

::ODMA\GRPWISE\GWDMPLS.GWPOMPLS.MPLSLIB1:89015.1

Doc# 1524994\1